**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
Central Division**

| | |
|---|---|
| IOWA LABORERS' DISTRICT COUNCIL HEALTH AND WELFARE TRUST FUND; <br><br> TRUSTEES of the IOWA LABORERS' DISTRICT COUNCIL HEALTH AND WELFARE TRUST FUND; <br><br> LABORERS' NATIONAL PENSION FUND; <br><br> and <br><br> TRUSTEES of the LABORERS' NATIONAL PENSION FUND <br><br>                   Plaintiffs, <br> v. <br><br> CAMERON MITCHELL, INC. <br><br>                   Defendant. | Case No.  4:19-cv-203 |

## COMPLAINT

### NATURE OF THE CASE

1. This Complaint brings an action to collect delinquent fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreement(s) (hereinafter "CBAs") with the Plaintiffs.

### PARTIES

2. Plaintiff Iowa Laborers' District Council Health and Welfare Fund (hereinafter "Plaintiff Health and Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2415 Ingersoll Avenue,

1

Des Moines, Iowa 50312. Plaintiff Health and Welfare Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d). The Trustees of the Iowa Laborers' District Council Health and Welfare Fund are a proper party to this action based on their official capacity and fiduciary duties to the Fund, including the collection of contributions due to the Fund.

3. Plaintiff Laborers' National Pension Fund (hereinafter "Plaintiff Pension Fund) is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 14140 Midway Rd, # 105, Dallas, Texas 75244. Plaintiff Pension Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d). The Trustees of the Laborers' National Pension Fund are a proper party to this action based on their official capacity and fiduciary duties to the Fund, including the collection of contributions due to the Fund.

4. Defendant, Cameron Mitchell, Inc. (hereinafter "Cameron Mitchell") is a corporation organized and existing under the laws of the State of Iowa, and is an employer within the meaning of 29 U.S.C. § 1002(5). Defendant Cameron Mitchell maintains its principal place of business at 1588 N.E. 58th Ave., Des Moines, IA 50313.

## JURISDICTION

5. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

6. Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because Plaintiff Iowa Laborers District Council Health and Welfare Trust Fund, and Iowa Laborers' Education and Training Fund are administered in the State of Iowa, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Iowa, and because the Defendant's principal place of business is in Des Moines, Iowa.

## CAUSE OF ACTION – DELINQUENT CONTRIBUTIONS

7. Plaintiffs hereby incorporate by reference paragraphs 1 through 6 above as if set forth fully herein.

8. On or about October 30, 2006, Defendant Cameron Mitchell executed an Assignment of Bargaining Rights to the Heavy Highway Contractors Association (the "Association"), under which it agreed to become a member of the Association, and assigned its bargaining rights to the Association as its bargaining agent for its employees.

9. Under the Assignment of Bargaining Rights, Cameron Mitchell agreed to be bound by any and all labor agreements negotiated and executed in the name of the Association with the Laborers' International Union of North America (hereinafter the "Laborers") and the Iowa State Conference of Plasterer and Cement Masons (hereinafter the "Cement Masons"), including the Cement Masons Heavy and Highway Construction Agreement (hereinafter the "Cement Masons Agreement"), the Laborers Heavy and Highway Construction Agreement (the "Laborers Agreement"), the Parking Lot Addendum to the Laborers Heavy and Highway Construction Agreement (hereinafter the "Parking Lot Addendum"), and the Laborers' Local 177 Building Trades Agreement (the "Building Trades Agreement"). The agreements are hereafter collectively referred to as the "Collective Bargaining Agreements" or "CBAs."

10. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreements"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs.

11. Among other duties imposed upon Cameron Mitchell under the Agreements, Cameron Mitchell is obligated under the CBAs, as well as the incorporated Trust Agreements, to timely submit reports and fringe benefit contributions to the Plaintiff Funds each month, in such

amounts as determined by the number of hours of covered work performed by Cameron Mitchell's employees, at the rates established under the CBAs and incorporated Trust Agreements.

12.     The CBAs require contributions to the Plaintiff Funds to be made by the twentieth (20th) day of the following month on which contributions are to be paid. The CBA provides that, should contributions for a previous month not be paid by the twentieth (20th) day of the following month, the employer shall be liable for all claims which may arise on account of such non-payment.

13.     The CBAs and Trust Documents further provide that, in any action to enforce compliance with any agreement on behalf of the Fund, the employer shall be liable for unpaid contributions, interest on unpaid contributions, liquidated damages provided for under the plan, in an amount not to exceed twenty percent (20%), reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as a Court of proper jurisdiction deems appropriate.

14.     The Parking Lot Addendum provided for a "pre-apprentice" employment period, under which, for the first seven-hundred and fifty (750) hours employed, no fringe benefit contributions to either the Health and Welfare or Pension Fund were owed.

15.     Under the Addendum, following the pre-apprentice period, employers must pay fringe benefits at the appropriate rates. Under the Addendum, contributions to the Health and Welfare Fund are to be made at the rate of $2.05 per hour worked, for an employee under the single plan.

16. From January 1, 2016 to December 31, 2016, the Addendum provides that the contribution rate to the Health and Welfare Fund was $2.07 per hour worked, for an employee under the single plan.

17. In lieu of paying the above hourly health and welfare rates, an Employer may pay health and welfare contributions at the current monthly rates. In 2015 and 2016, the monthly contribution rate was $273.33 per employee.

18. At all times relevant to this action, Cameron Mitchell has employed individuals who have performed work covered by one or more of the above CBAs.

19. In August, 2017, an audit was completed by the Employee Fringes Auditing Company (hereinafter the "Audit"), which identified a deficiency in payments due to the Plaintiff Funds for work performed by Cameron Mitchell under the above CBAs.

20. The Audit concluded that Cameron Mitchell failed to properly remit contributions to the Plaintiff Funds under the Parking Lot Addendum for the period of January 2015 to December 2016, in the total amount of $89,870.90, including $14,978.48 in liquidated damages.

21. Additionally, the Audit concluded that Cameron Mitchell failed to properly remit contributions under the Cement Masons Heavy and Highway Construction Agreement from January 2015 to December 2016 in the amount of $20,845.82, including $17,371.52 in principal contributions, and $3,474.30 in liquidated damages.

22. The Audit also found that Cameron Mitchell failed to properly remit contributions under the Building Trades Agreement for the months of January and February, 2015, in the total amount of $10,310.19, including $8,591.83 in principal contributions, and $1,718.37 in liquidated damages.

23.     The CBAs, Trust Agreements, and ERISA provide remedies to the Plaintiff Funds in the event an employer fails to make full and timely contributions to the Plaintiff Funds for all hours of work covered by the CBA. Among the remedies are costs of collection, attorneys' fees, interest, and liquidated damages.

24.     Under the CBA and trust documents, the Plaintiff Funds are further entitled to conduct an audit of any books, records, papers and reports of Defendant necessary to determine and/or verify the amounts due and owing the Funds under the CBAs. Under the CBAs, trust documents, and by law, the Funds have the right to audit any of the books and records of Defendant necessary to determine Defendant's compliance with the CBA's contribution obligations and the amount due to Plaintiffs' arising from any non-compliance by Defendant. Under such agreements and/or trust documents, the cost of such audit is a cost of this action, and is to be awarded to the Funds and against Defendant.

25.     Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendants' failure to pay fringe benefit contributions. Plaintiff Funds are entitled to recover those fees and costs pursuant to the terms of the CBA, Trust Agreements, and by law.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(A)     Finding that Defendant is liable to Plaintiffs and entering a judgment against Defendant and in favor of Plaintiffs accordingly;

(B)     Finding that Defendant is liable to Plaintiffs for delinquent contributions, payroll deductions, liquidated damages, interest, and for delinquent work assessments for the months of January 2015 to December 2016 to the Funds in the total amount of $121,026.91, plus interest and/or liquidated damages accruing from December 2016 to present;

(C) Requiring Defendant to permit a qualified, certified public accountant, selected by Plaintiffs, to audit Defendant's books and records at Defendant's expense to determine any and all contributions, liquidated damages, and interest that are due and owing to Plaintiffs from December 2016 to present, pursuant to the CBAs;

(D) Awarding Plaintiffs the costs of this action and the reasonable attorneys' fees attributable to the collection of fringe benefit fund contributions and other amounts; and

(E) Granting the Plaintiffs such other relief that the Court deems just and proper, including contributions, liquidated damages, interest, and other costs that accrue or become due during the pendency of this action.

Respectfully Submitted,

/s/ Michael E. Amash
Michael E. Amash, Iowa # AT0011604
Blake & Uhlig, P.A.
753 State Ave, Suite 475
Kansas City, KS 66101
Phone: (913)321-8884
Fax: (913)321-2396
mea@blake-uhlig.com